IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FLOYD NAUGLE, II,                          )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )   CIVIL ACTION NO. 3:11-244
                                           )   JUDGE KIM R. GIBSON
COMMONWEALTH OF                            )
PENNSYLVANIA, DEPARTMENT OF                )
TRANSPORTATION,                            )
                                           )
            Defendant.                     )

## MEMORANDUM AND ORDER OF COURT

### I.    SYNOPSIS

This matter comes before the Court on the Motion to Dismiss (Doc. No. 5) filed by

Defendant Commonwealth of Pennsylvania, Department of Transportation ("PennDOT")

pursuant to Federal Rule of Civil Procedure 12(b)(1), which Plaintiff Floyd Naugle, II

("Naugle") opposes. For the reasons that follow, the Court will **GRANT** the motion.

### II.   BACKGROUND

Naugle, a former employee of PennDOT, commenced the instant action by filing a

complaint (Doc. No. 1) alleging that he was subject to age discrimination in violation of the Age

Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.,* and the

Pennsylvania Human Relations Act ("PHRA"), 43 PA. CONS. STAT. ANN. § 951 *et seq.*

Specifically, Naugle claims that as the result of this unlawful discrimination, he was laid off

from his position as a temporary equipment operator at the age of forty-one, and his numerous

attempts to seek reemployment with PennDOT have been rebuffed. (Doc. No. 1 at ¶¶ 13-29).

On November 29, 2011, PennDOT filed the instant motion to dismiss (Doc. No. 5) and

supporting brief (Doc. No. 6) contending that this Court must dismiss Naugle's complaint for

lack of subject matter jurisdiction. In particular, PennDOT asserts that it is entitled to immunity on both the PHRA and ADEA claims under the Eleventh Amendment to the United States Constitution. (Doc. No. 6 at 2-4). In his response, Naugle concedes that the dismissal of his PHRA claim is warranted,[1] but argues that Congress has abrogated Eleventh Amendment immunity for ADEA claims. (Doc. No. 10 at 3-4). The Court will address this argument below.

## III.   LEGAL STANDARD

"At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'" *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Consequently, a court must grant a motion to dismiss under Rule 12(b)(1) if it lacks subject matter jurisdiction to hear a claim. *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, Nos. 10-3046 and 10-3047, 2012 U.S. App. LEXIS 9832, *14 (3d Cir. May 16, 2012). In evaluating such a motion, a court must first determine whether the movant presents a facial or factual challenge. *Id.* at *15 (citing *Mortensen*, 549 F.2d at 891).

Instantly, PennDOT has presented a facial challenge to this Court's subject matter jurisdiction by attacking the sufficiency of the pleadings. See *id.*; see also *Slinger v. New Jersey*, 366 F. App'x 357, 360 (3d Cir. 2010) (finding defendants' assertion of Eleventh Amendment immunity to be a facial challenge). In reviewing this facial challenge, the Court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *In re Schering-Plough*, 2012 U.S. App. LEXIS 9832 at *15 (quoting *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)); see also

---

[1] With respect to his PHRA claim, Naugle concedes that he has not "overcome the United States Supreme court [sic] stringent test for Eleventh Amendment protections." (Doc. No. 10 at 4). As a result, Naugle states that he "is willing to allow his PHRA claim to be dismissed." (*Id.*). Naugle further notes that PennDOT "is permitted to request and be granted dismissal of [his] PHRA claim." (*Id.*).

*Turicentro, S.A. v. Am. Airlines Inc.*, 303 F.3d 293, 300 n.4 (3d Cir. 2002) (noting that "the trial court must accept the complaint's allegations as true" when evaluating a facial attack) (citation omitted).

## IV.    DISCUSSION

In their filings, the parties agree that this Court must dismiss Naugle's PHRA claim for lack of subject matter jurisdiction on Eleventh Amendment immunity grounds. With respect to his ADEA claim, Naugle acknowledges that "the Commonwealth has not waived its immunity to suit under the ADEA," but contends that Congress has abrogated Eleventh Amendment immunity for such claims. (Doc. No. 10 at 4). The United States Supreme Court, however, disagrees with Naugle's contention.

In *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000), the Supreme Court squarely addressed this issue and held that the ADEA does not abrogate the states' Eleventh Amendment immunity to suits by private individuals for damages. *Id.* at 91-92 ("We hold only that, in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals."); see also *Shahin v. Delaware*, 424 F. App'x 90, 92 (3d Cir. 2011) ("The Supreme Court has held, however, that the ADEA does not abrogate the states' Eleventh Amendment immunity to suits by private individuals for damages.") (citing *Kimel*). Naugle asserts just such an ADEA claim here, and PennDOT is entitled to Eleventh Amendment immunity on this claim in light of the Supreme Court's unequivocal pronouncement. Thus, the Court must grant PennDOT's motion to dismiss. See *Shahin*, 424 App'x at 92 (upholding the dismissal of an ADEA claim against a state and its agency because the ADEA does not abrogate Eleventh Amendment immunity and defendants had not waived it); *Delie v. Pennsylvania*, No. 11cv1424, 2012 U.S. Dist. LEXIS 12203, *4-5 (W.D. Pa. Feb. 1, 2012) (dismissing plaintiff's ADEA claim

against the Pennsylvania Department of Corrections where she conceded that her allegations

against the state agency could not withstand Eleventh Amendment scrutiny).

## V.     CONCLUSION

Because PennDOT is entitled to Eleventh Amendment immunity on both of Naugle's

claims, this Court lacks subject matter jurisdiction to further consider this case. Accordingly, the

Court will grant PennDOT's motion to dismiss (Doc. No. 5). An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FLOYD NAUGLE, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:11-244 |
| | ) JUDGE KIM R. GIBSON |
| COMMONWEALTH OF | ) |
| PENNSYLVANIA, DEPARTMENT OF | ) |
| TRANSPORTATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**AND NOW**, this 1st day of June 2012, in accordance with the Memorandum, **IT IS HEREBY ORDERED** that the Motion to Dismiss (Doc. No. 5) filed by Defendant Commonwealth of Pennsylvania, Department of Transportation is **GRANTED**. Accordingly, the case is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mark this case **CLOSED**.

BY THE COURT:

_____
KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE